## SUPREME COURT.

THE PEOPLE *ex rel.* LIBBIE HALPIN agt. GEORGE HOPEY, late keeper of capitol.

*Motion for a mandamus against the late keeper of the state capitol.*

The keeper of the state capitol at Albany cannot be compelled by man‑damus to give a separate certificate to an employe for services in clean‑ing a portion of the capitol, where he has given a general certificate for all the employes, the applicant included, to the state treasurer, under the act of 1875, chapter 634, page 801.

If, according to usage, the keeper has drawn from the treasurer the amount certified to be due the applicant by ·the production of the receipt of the latter in his possession, the applicant has his remedy against him in an action for money had and received.

*Albany Circuit, January,* 1876.

APPLICATION for a mandamus.

*J. W. McNamara,* for relator.

### *Facts.*

On the trial it was proven :

1. That between January 1, 1875, and May 1, 1875, defendant was keeper of the capitol at the city of Albany.

2. That the relator, at the instance and request of defend‑ant, cleaned the assembly chamber and other parts of the said capitol on ninety‑one different days between the said January 1 and May 1, 1875.

3. That on the 7th day of July, 1875, the relator applied to the defendant for a certificate so that she could draw the compensation allowed by law for her labor from the state treasurer.

4. That the defendant made out the certificate or receipt and presented it to the relator to sign, and after she had signed it took it to sign as a witness.

5. That after defendant had signed said certificate as a witness he did not deliver it to relator, although she demanded it of him.

6. That the receipt was the form of " certificate " prescribed by the treasurer to be signed by the laborer and witnessed by Hopey (*see Hopey's evidence, folio* 7).

7. That the treasurer would not pay relator unless she presented such a receipt witnessed by Hopey (*see Milks' testimony, folio* 20).

I. As the defendant claims the only question to be determined is, did the defendant issue or deliver to the relator a certificate as required by law ? We say, he did not, and that the court should compel him by mandamus to issue and deliver such certificate.

1. The act (*chap.* 634, *Sess. Laws,* 1875) requires the treasurer to pay (*sec.* 1) not " on the warrant of the comptroller but upon the certificate of the keeper of the capitol" (*sec.* 1, *p.* 801, *capitol expenses*), the salaries of " women employed in cleaning the chambers and rooms adjoining the senate and assembly chambers." The filing, therefore, with the comptroller of the general certificate introduced in evidence was not a compliance with the law and was not so considered, so far as it appears, by defendant, the treasurer or the comptroller.

It clearly appears that the relator could not draw the money unless she presented the receipt which defendant refused to deliver to her (*see testimony of Hopey and Milks, folios* 7 *and* 20).

2. The practice was to give some evidence to each individual of the number of days she worked, and, upon presentation of that evidence, the treasurer paid (*see testimony of Hopey and Milks, folios* 10 *and* 20).

3. It is not pretended by the defendant's counsel that there

ever was a delivery of the receipt or "certificate" in evidence to the relator. The defendant himself testifies:

Q. After witnessing it (receipt) you refused to give it to her?
A. Yes, I kept it; I refused to give it to her (*folio* 11).

II. The relator has no legal remedy except by mandamus.

1. She could not recover from defendant for the reason that he acted as an officer and is not personally liable.

2. The fact that after these proceedings have been commenced the defendant induces the treasurer to pay him ninety-one dollars, on a certificate which was never issued, does not give the relator an action against defendant. He has not converted her money — he has not even converted her certificate or receipt for the reason that it had no valid existence until it was witnessed by defendant and delivered to relator. It was his name which made it valuable.

III. The defendant's counsel claims that the writ can do us no good for the reasons:

First. That the amount has been paid to Hopey.

Second. "That the money appropriated for this specific purpose is exhausted by payment on the certificate and receipt above mentioned."

1. In answer, we say that there has been no payment — no legal payment, and there is no evidence that the money appropriated has been exhausted; $16,000 were appropriated, not to pay Libbie Halpin but to pay all the men and women referred to, and there is no evidence before the court in this case that a single dollar has been paid to any person from that fund. So far as this case is concerned, that fund is intact — on hand.

2. Again, if the treasurer claims that he has paid, he would have to show that he paid in good faith if it was ever necessary to apply for a mandamus to compel him to pay. The treasurer shows that he had notice (*Milks'* testimony, *folios* 20 *and* 21) not to pay. If he paid, he paid at his peril.

People *ex rel.* Halpin agt. Hopey.

*E. Newcomb*, for defendant.

The defendant was the keeper of the capitol in the city of Albany, prior to May 1st, 1875; as such, employed women in cleaning the building, etc. The relator was an employe, and entitled to one dollar per day for ninety-one days' service under "the appropriations for certain expenses of government," passed June 21, 1875 (*see Session Laws of* 1875, *p.* 801, *marginal note, capitol expenses*). "Said salaries shall be paidupon the certificate of the keeper of the capitol."

The relator on the 14th day of July, 1875, obtained an alternative writ of mandamus, to which a return was filed, and a plea to said return.

On the trial of the issue at circuit, the defendant produced, and same was received in evidence, the certificate to the comptroller of the state of the number of days' service the relator performed. This certificate was with many other employes' names included in one paper.

Next, the defendant produced, and same was received in evidence, the receipt signed by the relator, and the moneys paid thereon by the state treasurer to George Hopey.

Upon this state of facts, the defendant insists that the relief sought by this issue should be denied, with costs.

That it was such a certificate is fully answered by the fact that the comptroller treated it as such, the state treasurer treated it the same, and paid the money by virtue thereof.

The law does not direct the certificate to be delivered to the women employed (*see law above cited*).

The result of the mandamus, if issued, must convince the court that the law, so far as Hopey is interested, or is an officer of the law to carry out the provisions of the statute, that he has complied. Suppose the mandamus issues. Hopey thereunder issues a certificate, the relator presents the certificate to the comptroller, then the court compels the comptroller to issue his warrant upon the treasurer. The state treasurer has a similar process of mandamus served upon him. The answer to the alternative writ by the

treasurer is payment. Then, again, that the money appropriated for this specific purpose is exhausted by payment on the certificate and receipt above mentioned.

It seems very clear to defendant's counsel that the judgment asked must be denied, with costs. For there cannot be found either in law or common sense that what has been done must be again done, when the first act was rightly done. Submitted.

WESTBROOK, *J.* — The relator had worked at cleaning the assembly chamber and other rooms ninety-one days. By the act of 1875 (*chapter* 634, *page* 801), the state treasurer is to pay, "upon the certificate of the keeper of the capitol," money thus earned. The relator asks for a peremptory mandamus to compel the giving of such a certificate.

The respondent claims that the certificate has been given, and asks that the application be denied.

The facts are that, according to usage, a certificate has been given of all the work done, by whom, and the amount due each, that due plaintiff being also specified. This certificate has been delivered to the treasurer. The relator signed a receipt for the amount specified in the certificate and delivered it to Hopey, who has retained it and drawn the money thereupon. This is according to usage, the receipt in the possession of the keeper being regarded as a power of attorney to him to draw the money and then pay it to the person entitled. The certificate required by the act and practice has been given, and the particular relief asked in this proceeding, a mandamus to compel a certificate to be given, must be denied. There is no difficulty in maintaining a personal action against Hopey. He drew the money for her upon her receipt, and if by no agreement made with the relator he is entitled to it, he is liable in an ordinary action for money had and received.

Understanding that costs are within the discretion of the court, I will not give costs upon this application.